**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Brian F. Breen, Esquire
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA  19103
Telephone:  (215) 627-6900
*Counsel for Plaintiff Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. NAJL04463015RGL0052<br><br>Plaintiff,<br><br>v.<br><br>ADMIR GJEVUKAJ, 100 PIERMONT ROAD REALTY, INC., DIMORA RISTORANTE, INC., GINO GJEVUKAJ, and P.P.G.<br><br>Defendants. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052, by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby submit this Complaint against Defendants Admir Gjevukaj, 100 Piermont Road Realty, Inc., Dimora Ristorante, Inc., Gino Gjevukaj, and P.P.G. pursuant to 28 U.S.C. § 2201, *et seq.*, and in support hereof state as follows:

**SUMMARY OF THE ACTION**

1.  This action seeks a declaratory judgment declaring that Certain Underwriters at

Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052 ("Underwriters") have no duty to defend or indemnify Defendants Admir Gjevukaj, 100 Piermont Road Realty, Inc., Dimora Ristorante, Inc., Gino Gjevukaj, and/or P.P.G. in the action in the Superior Court of New Jersey, Law Division, Bergen County, captioned, *P.P.G. v. Dimora Ristorante, Inc., Dimora Restaurant, Gino Gjevukaj, Admir Gjevukaj, John Does 1 through 40 and ABC Corp. through VWZ Corp.*, Docket No. BER-L-9171-17 (the "Underlying Action"), pursuant to the terms, conditions, exclusions, and provisions of Policy No. NAJL04463015RGL0052 (the "Policy") issued to 100 Piermont Road Realty, Inc., which provided Commercial General Liability and Liquor Liability coverages for the period of August 16, 2015 to August 16, 2016. (P.P.G's complaint filed in the Underlying Action (the "Underlying Complaint" is attached as Exhibit A). (Policy No. NAJL04463015RGL0052 is attached as Exhibit B).

## THE PARTIES

2. Plaintiff, Underwriters, is a business entity organized and existing under the law of England and Wales with a principal place of business located at One Lime Street, London, England EC3M 7HA.

3. Upon information and belief, Defendant Admir Gjevukaj ("Admir") is a citizen of the State of New Jersey.

4. Upon information and belief, Defendant 100 Piermont Road Realty, Inc. ("100 Piermont") is a New Jersey corporation with a principal place of business located at 100 Piermont Road, Norwood, NJ 07648.

5. Upon information and belief, Defendant Dimora Ristorante, Inc. ("Dimora") is a New Jersey corporation with a principal place of business located at 100 Piermont Road, Norwood, NJ 07648.

6. Upon information and belief, Defendant Gino Gjevukaj ("Gino") is a citizen of the State of New Jersey.

7. Upon information and belief, the plaintiff in the Underlying Action, Defendant P.P.G., is a citizen of the State of New Jersey.

## JURISDICTION AND VENUE

8. This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, as there exists an actual controversy of a justiciable nature between Plaintiff and Defendants.

9. This Court has jurisdiction over the dispute between the parties based on diversity of citizenship, pursuant to 28 U.S.C. § 1332 (a)(2), as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(B)(1) and (2), as Defendants reside in the State of New Jersey and/or do business in the State of New Jersey, and all or almost all of the events or omissions giving rise to the claims in this matter occurred within the State of New Jersey.

## FACTS

**A.    The Underlying Action**

11. Underwriters have been notified that the Underlying Action was filed in the Superior Court of New Jersey, Law Division, Bergen County against various fictitious and non-fictitious parties, including, Admir, Dimora, and Gino.

12. In relevant part, the Underlying Complaint alleges:

### Facts Common to All Counts

5. On or about January 1, 2016, Plaintiff was a patron at Defendant Dimora to attend a New Year Eve's Event.

6. Plaintiff was assured and guaranteed a safe return home by Defendant Dimora's owner, Defendant Gino.

7. Plaintiff was served with numerous alcoholic drinks in an inappropriately sized container.

8. Plaintiff was able only to eat very little because she was not served a timely and/or substantial meal and became intoxicated and in a vulnerable position.

9. On January 1, 2016, Plaintiff was driven to her residence in the County of Bergen and State of New Jersey by Defendant Dimora's employee Defendant Admir upon information and belief, sometime after 2:00 a.m.

10. Plaintiff and Defendant Admir arrived, upon information and belief, at Plaintiff's residence, at approximately 3:30 a.m.

11. Upon information and belief, after leaving Defendant Dimora's location, Defendant Admir sexually assaulted Plaintiff, who was intoxicated and in a vulnerable state.

12. Upon information and belief, Defendant Admir then left Plaintiff's residence at around 3:50 a.m.

### First Count

3. On the date aforesaid, January 1, 2016 Defendant(s) Dimora . . . by and through its/their employee(s), agent(s), representative(s) and/or assign(s), . . . was/were negligent, careless and/or reckless and failed to properly instruct supervise, inspect, hire, secure and/or warn the aforesaid, to properly secure and return Plaintiff to her residence as promised by owner Defendant Gino.

4. Or [sic] the date aforesaid, it was the duty of Defendant(s) Dimora . . . to return Plaintiff to her residence "safely" so that persons, and especially the Plaintiff, would not be injured.  Defendant(s) Dimora . . . breached that duty by failing to properly hire, secure, instruct, supervise, warn its employees to take Plaintiff to her residence safely and/or was/were otherwise careless, reckless and/or negligent allowing their employee Defendant Admir to drive Plaintiff to her residence, causing the Plaintiff

        to sustain serious, divers [sic.] and permanent injuries when its employee Defendant Admir sexually assaulted the Plaintiff while she was in an intoxicated and vulnerable state caused by Defendant Dimora serving Plaintiff excessive alcohol while she was intoxicated at the Defendant Dimora premises.

5. As a direct and proximate result of the Defendants' failure to properly hire, instruct, secure, supervise, warn, maintain, inspect and/or repair the aforesaid premises and to protect against the injury herein complained of, Plaintiff was injured as more specifically set forth above and did then and there sustain injuries and incurred considerable medical expenses in being examined and treated for her injuries and was prevented from performing her usual activities.

6. By reason thereof, Plaintiff has incurred and will incur loss of income and medical expenses for treatment of said injuries.

        WHEREFORE, Plaintiff demands Judgment against the Defendants Dimora, Gino Gjevukaj, [and] Admir Gjevukaj . . . jointly, severally and in the alternative for compensatory damages, prejudgment interest, costs of suit and for such other relief as the Court may deem just and equitable.

## Second Count

2. The manner in which Defendant(s) Dimora and Gino . . . instructed, hired supervised, secured, warned, maintained, inspected and/or repaired and/or failed to instruct, supervise, hire, warn, secure, maintain, inspect and/or repair the aforesaid premises constituted a nuisance by serving Plaintiff when she was intoxicated and placed in a vulnerable position.

3. As a result, Plaintiff was caused to suffer great pain, discomfort, anguish, anxiety, medical and other expenses, damage and permanent damage, and will in the future continue to suffer all of the above.

        WHEREFORE, Plaintiff demands Judgment against the Defendants Dimora, Gino Gjevukaj, [and] Admir Gjevukaj . . . jointly, severally and in the alternative for compensatory damages, prejudgment interest, costs of suit and for such other relief as the Court may deem just and equitable.

## Third Count

2. On January 1, 2016, Defendant Admir viciously sexually assaulted Plaintiff while she was intoxicated and in a vulnerable state.

3. Plaintiff was not able to consent to sexual activity due to intoxication.

4. As a result of Defendant Admir's vicious sexual assault, Plaintiff was caused to suffer severe and permanent injuries.

WHEREFORE, Plaintiff demands Judgment against the Defendants Dimora, Gino Gjevukaj, [and] Admir Gjevukaj . . . jointly, severally and in the alternative for compensatory damages, prejudgment interest, costs of suit and for such other relief as the Court may deem just and equitable.

### Fourth Count

2. Defendant Dimora is/are alcoholic beverage servers subject to the "New Jersey Alcoholic Beverage Server Fair Liability Act" or New Jersey's "Dram Shop Act"; N.J.S.A. 2A:22A-5. . . .

3. Defendants Dimora [and] Gino . . . served Plaintiff with alcoholic beverages at a time when Plaintiff was visibly intoxicated and placed Plaintiff in a vulnerable position.

4. As a result of having served alcoholic beverages to Plaintiff when she was visibly intoxicated, Plaintiff was caused to be placed in a vulnerable state and was sexually assaulted by Defendant Dimora's employee Defendant Admir.

WHEREFORE, Plaintiff demands Judgment against the Defendants Dimora, Gino Gjevukaj, [and] Admir Gjevukaj . . . jointly, severally and in the alternative for compensatory damages, prejudgment interest, costs of suit and for such other relief as the Court may deem just and equitable.

**B.    Underwriters' Policy of Insurance**

13. Underwriters issued Policy No. NAJL04463015RGL0052, which included Commercial General Liability and Liquor Liability coverages, to 100 Piermont Road Realty, Inc. The policy was effective from August 16, 2015 to August 16, 2016.

14. With regard to the pertinent terms, conditions, exclusions, and provisions, the Policy provides as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

1183809v.1

. . .

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . .

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

**c. Liquor Liability**

"Bodily injury" or "property damage" for which any insured may be held liable by reason of:

**(1)** Causing or contributing to the intoxication of any person;

**(2)** The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

**(3)** Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

>This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.
>
>. . .
>
>**SECTION II — WHO IS AN INSURED**
>
>**1.** If you are designated in the Declarations as:
>
>>. . .
>
>**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.
>
>>. . .
>
>**2.** Each of the following is also an insured:
>
>>. . .
>
>your "employees",
>
>>. . .
>
>but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.
>
>(Emphasis added)
>
>>. . .
>
>**SECTION V — DEFINITIONS**
>
>>. . .
>
>**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
>**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
>**LIQUOR LIABILITY COVERAGE FORM**
>
>>. . .
>
>**SECTION I — LIQUOR LIABILITY COVERAGE**

1. **Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:

. . .

2. **Exclusions**

This insurance does not apply to:

a. **Expected Or Intended Injury**

"Injury" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . .

**SECTION II — WHO IS AN INSURED**

1. If you are designated in the Declarations as:

. . .

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

a. Your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company)

. . .

but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" is an insured for:

. . .

1183809v.1

**SECTION V — DEFINITIONS**

1. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5. "Injury" means damages because of "bodily injury" and "property damage", including damages for care, loss of services or loss of support.

## DEFINITION - DAMAGES

This endorsement modifies insurance provided under the following:

LIQUOR LIABILITY COVERAGE PART

The following is added to SECTION V — DEFINITIONS:

"Damages" means compensation, only in the form of money, for a person or entity who claims to have suffered "bodily injury" or "personal and advertising injury" or who claims to have sustained "property damage".

## COUNT 1 DECLARATORY RELIEF

15.     Underwriters incorporate herein by reference Paragraph 1 through 14 of this Complaint as if set forth herein and at length.

16.     In summary, the Underlying Complaint seeks monetary relief for damages P.P.G. allegedly sustained as a result of the sexual assault by Defendant Admir Gjevukaj on January 1, 2016.

17.     Underwriters seek a declaration that they owe no obligation to provide a defense or indemnity to Defendants in the Underlying Action based upon the terms, definitions, declaration, endorsements, exclusions, conditions and/or other policy language included in the Policy.

18.     The damages allegedly sustained by P.P.G. as a result of the sexual assault

include great pain, discomfort, anguish, anxiety, severe and permanent injuries, loss of income, and medical expenses.

19. Under both the Commercial General Liability coverage and the Liquor Liability coverage, insurance coverage is provided only for "bodily injury" and "property damage."

20. As such, P.P.G. has not alleged injuries that are covered under the Policy and, therefore, Underwriters do not owe a duty to defend or indemnify any of Defendants in the Underlying Action.

21. The Commercial General Liability coverage also requires that the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

22. Upon information and belief, Admir knew of P.P.G's excessive alcohol consumption and intoxicated state before, and during, the alleged sexual assault.

23. Upon Information and belief, Admir knew P.P.G. was unable to consent to sexual activity due to her intoxicated state before, and during, the alleged sexual assault.

24. Upon information and belief, Admir knew P.P.G. did not legally consent to the alleged sexual activity before, and during, the alleged sexual assault.

25. As such, Underwriters do not owe any duty to defend or indemnify Admir because his alleged sexual assault of P.P.G. did not constitute an "occurrence."

26. Under "Section II – Who Is An Insured" of both coverage forms, "employees" are considered an "insured" under the Policy "only for acts within the scope of their employment . . . or while performing duties related to the conduct of insured entity's business."

27. The Underlying Complaint alleges that on the evening of December 31, 2015 and the morning of January 1, 2016, the Underlying Plaintiff was a patron at Dimora.

28. The Underlying Complaint alleges that Dimora is owned by Admir's father, Gino.

29. The Underlying Complaint alleges Admir was an employee of Dimora and Gino.

30. The Underlying Complaint claims against Admir are based on Admir's actions allegedly constituting sexual assault of P.P.G. on the morning of January 1, 2016.

31. Admir's alleged sexual assault of P.P.G. is an intentional tort and does not constitute negligence.

32. Admir allegedly committed the sexual assault after Admir and P.P.G. left Dimora, while Admir was physically outside his place of work.

33. Upon information and belief, driving patrons home is not the kind of act which Admir was employed to perform for Dimora and/or Gino and is unrelated to the conduct of Dimora's and Gino's business.

34. The Underlying Complaint asserts that Admir's purpose in driving P.P.G. home was to keep her safe. Thus, Admir's actions directly contradicted the instruction Admir received from Dimora's owner and his father, Gino.

35. The Underlying Complaint contains no allegations that Dimora or Gino had any reason to reasonably expect or foresee that Admir would sexually assault P.P.G.

36. Based on these facts, Admir is not an "insured" under the Policy because he was acting outside the scope of his employment when he allegedly sexually assaulted P.P.G.

37. Thus, Underwriters owe no duty to defend or indemnify Admir in the Underlying Action.

38. Under the "Expected Or Intended Injury" exclusion, the Policy does not apply to: "'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. . . ."

39. Upon information and belief, Admir knew of P.P.G's excessive alcohol consumption and intoxicated state before, and during, the alleged sexual assault.

40. Upon information and belief, Admir knew P.P.G. was unable to consent to sexual activity due to her intoxicated state before, and during, the alleged sexual assault.

41. Upon information and belief, Admir knew P.P.G. did not legally consent to the alleged sexual activity before, and during, the alleged sexual assault.

42. For these reasons, the alleged sexual assault of P.P.G. by Admir was expected or intended from Admir's perspective and, thus, coverage for Admir is precluded under the "Expected Or Intended Injury" exclusion.

WHEREFORE, Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052, respectfully requests Declaratory Relief, pursuant to applicable law, in the form of an Order declaring that:

a. Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052, has no duty to provide a defense to Admir Gjevukaj, 100 Piermont Road Realty, Inc., Dimora Ristorante, Inc., or Gino Gjevukaj in the Underlying Action or any

action asserted as a result of any events related to the alleged sexual assault of P.P.G. on January 1, 2016.

b.      Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052, has no duty to indemnify Admir Gjevukaj, 100 Piermont Road Realty, Inc., Dimora Ristorante, Inc., Gino Gjevukaj, or P.P.G. in the Underlying Action or any action asserted as a result of any events related to the alleged sexual assault of P.P.G. on January 1, 2016.

c.      Plaintiff, Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052, has no duty to pay any monies to or on behalf of Admir Gjevukaj, 100 Piermont Road Realty, Inc., Dimora Ristorante, Inc., Gino Gjevukaj, or P.P.G. in the Underlying Action or any action asserted as a result of any events related to the alleged sexual assault of P.P.G. on January 1, 2016.

d.      Such other further relief as deemed appropriate by the Court.

## **LOCAL R. 11.2 CERTIFICATION**

The following is a case related to the subject matter of this controversy:

<u>P.P.G. v. Dimora Restaurant, et. al</u>, New Jersey Superior Court – Civil Division, Bergen County, Case No. BER-L-9171-17, presently pending before The Honorable Rachelle L. Harz.

                                         Respectfully submitted,

                                         WILSON, ELSER, MOSKOWITZ,
                                         EDELMAN & DICKER LLP

*/s/Brian F. Breen*

Brian F. Breen, Esquire
*Counsel for Plaintiff Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052*
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, PA  19103
Brian.Breen@wilsonelser.com
Telephone:  (215) 627-6900
Facsimile:  (215) 627-2665

Dated:  July 10, 2018

1183809v.1