NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. NAJL04463015RGL0052,<br><br>Plaintiff,<br><br>v.<br><br>ADMIR GJEVUKAJ; 100 PIERMONT ROAD REALTY, INC.; DIMORA RISTORANTE, INC.; GINO GJEVUKAJ; and P. P. G.,<br><br>Defendants. | CIVIL ACTION NO. 18-11512 (JLL)<br><br><br>**OPINION & ORDER** |

**LINARES**, Chief District Judge

**IT APPEARING THAT:**

1. The plaintiff in this federal action is identified as Certain Underwriters at Lloyd's, London, subscribing to Policy No. NAJL04463015RGL0052 (hereinafter, "CULL"). (ECF No. 1 at 1.)

2. CULL brings this action (hereinafter, "the Declaratory Judgment Action") for a judgment declaring that it is not obligated to provide a defense or indemnification in a New Jersey State Court case (hereinafter, "the State Tort Case") that concerns a claim to recover damages for personal injuries. (*Id.* at 1–2.) For the following reasons, the

Declaratory Judgment Action is dismissed without prejudice for lack of diversity jurisdiction and, alternatively, pursuant to the *Brillhart* abstention doctrine.

**3.** Gino Gjevukaj owns Dimora Ristorante, Inc. (hereinafter, "DRI"), which is located on property controlled by 100 Piermont Road Realty, Inc. (hereinafter, "100 Piermont"). (ECF No. 1 at 2, 12.) Admir Gjevukaj is Gino Gjevukaj's son and a DRI employee. (*Id.* at 12.)

**4.** CULL issued a commercial general liability and liquor liability policy to 100 Piermont and DRI. (*Id.* at 2, 6; *see also* ECF No. 1-3 at 6 (CULL policy issued to "100 Piermont Road Realty, Inc. doing business as Dimo").)

**5.** In the State Tort Case, an individual identified as "P.P.G." alleges that: (a) she became overly intoxicated while she was a patron at DRI; (b) she was assaulted by Admir Gjevukaj while she was intoxicated; (c) Admir Gjevukaj committed the assault while he was working for Gino Gjevukaj; and (d) she has suffered injuries as a result of the assault. (ECF No. 1 at 4, 12; *see also* ECF No. 1-2 at 2–10 (State Tort Case complaint).)

**6.** The State Tort Case remains pending and is being actively litigated. *See* No. L-9171-17 (N.J. Superior Court, Bergen County).

**7.** CULL asserts that this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332 over the Declaratory Judgment Action, and CULL does not assert a cause of action under federal law. (ECF No. 1 at 3.)

**8.** Gino Gjevukaj, Admir Gjevukaj, DRI, and 100 Piermont are deemed to be New Jersey citizens. (ECF No. 1 at 2–3 (CULL alleging the same in the Declaratory Judgment Action complaint); ECF No. 8 at 2 (the aforementioned parties admitting the same in their answer thereto).) P.P.G. is also a New Jersey citizen. (ECF No. 1 at 3 (CULL alleging the same in the Declaratory Judgment Action complaint); ECF No. 1-2 at 2 (P.P.G. alleging the same in the State Tort Case complaint).)

**9.** As to its own citizenship, CULL merely alleges that "it is a business entity organized and existing under the law of England and Wales with a principal place of business located at One Lime Street, London, England." (ECF No. 1 at 2.) However, CULL operates as an exchange or a market wherein individuals and groups — referred to as members, underwriters, investors, or names — underwrite an insurance policy and thereby assume the risk of a loss that is covered by that policy. *See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999). As a result of CULL's organizational structure, it is now well-settled law that CULL is deemed to possess the citizenship of each member, underwriter, investor, or name for the purposes of a diversity jurisdiction analysis by the Court. *See id.* at 221–22; *Certain Underwriters at Lloyd's, London, subscribing to Policy No. AMT008174 v. VMA Constr., LLC*, No. 17-5626, 2018 WL 314815, at *2–3 (D.N.J. Jan. 5, 2018) (holding that CULL's underwriters are the true parties, and thus "the Court must consider the citizenship of the Names — and whether each Name is diverse from the Defendants in this action"); *D'Andrea Constr.*

*Co. v. Old Republic*, No. 13-997, 2014 WL 5018885, at *5 (D.N.J. Oct. 6, 2014) (holding that "the citizenship of all the Names constituting [CULL] should be considered for purposes of complete diversity analysis"); *Atl. Cas. Ins. Co. v. Fed. Ins. Co.*, No. 10-5262, 2010 WL 5071385, at *1 (D.N.J. Dec. 6, 2010) (holding that "[CULL] is an entity that is deemed to possess the citizenship of each investor, 'name', and underwriter for a jurisdictional determination"); *Evanston Ins. Co. v. Cozen O'Conner, P.C.*, No. 06-4687, 2007 WL 869614, at *2, *5 n.1 (D.N.J. Mar. 20, 2007) (holding the same); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1088, 1091 (11th Cir. 2010) (holding that "it is *the underwriters*, not [CULL], who are the parties to this lawsuit," and thus "every member's citizenship is essential to establishing diversity jurisdiction").

**10.** As a result, due to CULL's deficient allegations concerning its own citizenship, CULL has failed to meet its burden of properly alleging that this Court possesses diversity jurisdiction over the Declaratory Judgment Action. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015) ("Of course, where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members."). Therefore, the complaint in the Declaratory Judgment Action is dismissed without prejudice for lack of subject matter jurisdiction on this ground. *See CBS Corp. v. Schindler Elevator Corp.*, 604 F. App'x 209, 209 (3d Cir. 2015) (holding that the district

court did not have diversity jurisdiction over an action because diversity of citizenship never existed, and thus the district court lacked the constitutional authority to proceed).

11. Alternatively, it is apparent that a determination by this Court concerning the state law insurance coverage issues raised in this Declaratory Judgment Action will necessarily affect — and thus interfere with — the State Tort Case. This Court would be required to examine issues concerning the extent of liability of Gino Gjevukaj, Admir Gjevukaj, DRI, and 100 Piermont for P.P.G.'s injuries that are identical to the issues being addressed in the State Tort Case. Indeed, in the complaint for the Declaratory Judgment Action, CULL makes certain allegations concerning P.P.G.'s state of mind, the nature and severity of P.P.G.'s injuries, Admir Gjevukaj's and Gino Gjevukaj's awareness of her intoxication, and the nature of Admir Gjevukaj's conduct, all of which will be addressed in the State Tort Case. (ECF No. 1 at 11–13.)

12. Thus, this Court concludes that there is a significant potential for conflicts to arise between determinations in the State Tort Case and the Declaratory Judgment Action if the Declaratory Judgment Action were to remain here.

13. As a result, this Court must also abstain from adjudicating the Declaratory Judgment Action on the ground of *Brillhart* abstention. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–90 (1995) (upholding *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)). The claims in the Declaratory Judgment Action should be adjudicated by the same state court overseeing the State Tort Case. *See Markel Ins. Co. v. Connolly,*

*Connolly & Heun, LLP*, No. 17-1885, 2017 WL 4618750, at *3–4 (D.N.J. Oct. 16, 2017) (abstaining from the adjudication of a dispute between a law-firm insured and its legal-malpractice insurer, because the parties sought a determination of their rights and obligations before the related state court legal malpractice case against the law firm had been resolved, and thus such a determination would interfere with that state court case); *see also Williams v. State Auto Prop. & Cas. Ins. Co.*, No. 08-4983, 2009 WL 1119502, at *2–3 (E.D. Pa. Apr. 24, 2009) (remanding an action concerning a dispute over insurance coverage, and noting that "the possibility of interfering with the state court cases regarding the same matter is substantial," because the conduct of certain parties would need to be addressed in both the underlying state cases and the removed declaratory judgment action).

**14.** In view of the pending State Tort Case, this Court must "promote judicial economy by avoiding duplicative and piecemeal litigation." *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000). The Third Circuit Court of Appeals has recognized that "in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding," thereby "warrant[ing] a court's abstention." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 287 n.12 (3d Cir. 2017); *see also Summy*, 234 F.3d at 135–36 (abstaining from the adjudication of an insurance coverage action in federal court, and holding that "[t]he desire of insurance companies

and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").

**15.** Therefore, this Court alternatively dismisses the complaint in the Declaratory Judgment Action without prejudice pursuant to the doctrine of *Brillhart* abstention.

**16.** CULL is granted leave to recommence its claims from the Declaratory Judgment Action in the appropriate state court within 30 days. *See Levin v. Lillien*, 511 F. App'x 149, 150 (3d Cir. 2013) (permitting the same when a complaint was dismissed for lack of subject matter jurisdiction). For good cause shown:

**IT IS THEREFORE** on this 23rd day of August, 2018, **ORDERED** that the complaint is dismissed without prejudice; and it is further

**ORDERED** that the plaintiff is granted leave to reinstitute these claims in the appropriate state court within 30 days of entry of this Order; and it is further

**ORDERED** that the Clerk of the United States District Court for the District of New Jersey mark this action as closed.

JOSE L. LINARES
Chief Judge, United States District Court